ISAAC W. BAGLEY *vs.* WILLIAM M. LEE, City Treasurer.

JUNE 29, 1912.

PRESENT: Johnson, Parkhurst, and Sweetland, JJ.

(1) *Municipal Corporations. Statutory Fees. Debt Limit.*

Opinion in Trainor *v.* Lee, 34 R. I., 345, that as to fees fixed by statute, as compensation for a duty imposed by law, the question of whether or not a

town has exceeded its debt limit has no application, approved and followed.

(2)   *Municipal Corporations.   Claims Against Town.*

A claim for repairing bicycles of and used by police officers in the performance of duty was approved and ordered paid by a town council.   Such repairs had been customary and had been frequently made by plaintiff and paid for by the town.   Defendant offered no evidence in dispute of the claim:—

*Held*, that a motion for new trial after verdict for plaintiff, was properly denied.

ASSUMPSIT.   Heard on exceptions of defendant, and overruled.

PARKHURST, J.   This is an action of assumpsit.   The suit was commenced in the District Court of the Eighth Judicial District and, on the entry day of the writ, a jury trial was claimed by the plaintiff.   The case was tried before a justice of the Superior Court and a jury on October 23rd, 1911, and said jury returned a verdict for the plaintiff for the full amount of his claim, viz.: two hundred eighty-three dollars ($283.00).

The defendant filed a motion for new trial and the same was denied.   The case now comes before this court on a bill of exceptions.

There are only two exceptions before this court, to wit, the exception to the refusal of the lower court to grant the defendant's motion for a new trial and the exception to the exclusion of certain testimony noted on page 10 of the transcript.

The plaintiff was appointed dog officer of the town of Cranston on the second day of April, A. D. 1909, qualified on the third day of April, and during said month made a list. of all the owners of dogs of said town, to wit, eleven hundred and ninety, for which the statute provides the payment of the sum of twenty cents for each dog so listed (Chap. 135, § 12, Gen. Laws, 1909).   A list was made out by him and delivered to the town clerk as directed by the statute; his bill for said services was presented to the town council and ordered paid.   The balance of the plaintiff's claim, amount-

ing to the sum of ten dollars and twenty-five cents, was for repairing bicycles belonging to the police officers of the town and used by them while in the performance of their duties. The plaintiff performed similar services before and subsequent to the date of contracting of this bill, and the same were paid for out of the regular appropriation for police. This item is a part of his claim approved in the account which he presented to the town council and which was ordered paid. There was no dispute about the amount or the reasonableness of the entire claim, or any part thereof. In fact the city solicitor, during the trial of this case, admitted that "the man who did this work is entitled to be paid for it."

(1)    The defendant by special plea to the effect that the town of Cranston was indebted in excess of its debt limit of four per cent. of the taxable property of the town (see Chap. 1428, Jan., 1895), attempted to claim that the town had no authority to contract for the services of the plaintiff, because the amounts coming due to the plaintiff would be in excess of the debt limit, thereby attempting to raise the same question as was chiefly relied upon in the defence of the case of *Trainor* v. *Lee* (34 R. I. 345), recently decided. For the reasons set forth in the opinion in that case, we think the court in this case properly refused to admit testimony regarding the debt limit. And inasmuch as the greater part of this plaintiff's claim is for enumerating and making the list of dogs required by statute, as referred to in the *Trainor* case, the same applies to this case, as to the greater part of the plaintiff's claim.

(2)    As to the small amount of $10.25 claimed for repairing the bicycles of policemen, it appears that such repairs were customary, and had been frequently made by this plaintiff and paid for and that his bill with this item included was duly presented to the town council and was allowed by it in regular course of business. There was no evidence offered by the defendant, nor does any such evidence appear in the record, in support of its special pleas, nor in dispute of the

correctness and justice of the plaintiff's claims; the evidence fully supported the verdict, and the court below did not err in refusing a new trial.

The defendant's exceptions are overruled, and the case is remitted to the Superior Court, with direction to enter judgment on the verdict for the plaintiff.